IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | | |
|---|---|---|
| TAINOAPP, INC., | § § | |
| Plaintiff, | § § | CIVIL ACTION NO. 3:14-cv-01212-DRD |
| v. | § § | JURY TRIAL DEMANDED |
| BARNES & NOBLE, INC., BARNESANDNOBLE.COM LLC, and NOOK MEDIA LLC, | § § § § | |
| Defendants. | § § | |

## JOINT CLAIM CONSTRUCTION AND PREHEARING STATEMENT

In accordance with the Initial Scheduling Conference Memorandum (D.E. 23), Plaintiff TainoApp, Inc. ("TainoApp") and Defendants Barnes & Noble, Inc., barnesandnoble.com LLC, and NOOK Media LLC (collectively "B&N" or "Defendants") submit their Joint Claim Construction and Prehearing Statement.

### I.   Agreed Constructions

The parties do not agree on the construction for any terms.

### II.   Disputed Constructions

The parties disagree over how to construe the terms listed in the table below. The table contains each party's proposed construction.

| Term to Construe | TainoApp's Proposed Construction | B&N's Proposed Construction |
|---|---|---|
| wherein said clock operates at a frequency providing an display update interval | wherein said clock operates at a frequency that sets the interval for altering bit status in the display processing unit | wherein the clock sets a regular pace at which updates occur for the dynamic data |

1

| Term to Construe | TainoApp's Proposed Construction | B&N's Proposed Construction |
|---|---|---|
| location-addressable pixels | pixels capable of being individually addressable by location | pixels that are individually addressable |
| said pixels capable of sustained image display without constant refreshing | said pixels capable of maintaining bit status without re-displaying the current image | the pixels can maintain an image without continuously receiving refresh signals |
| refreshing | Re-displaying the current image | receiving refresh signals |
| first area excludes at least a second area of said display screen | first portion of the display screen excludes at least a second portion of the display screen | No construction needed. |
| first type designated for a first specified area | first type of designated for a first portion of the display screen | dynamic type for display in a first specified area |
| type | category of data | dynamic type or static type |
| second data block of a second type different from said first data block | no construction necessary in light of the proposed construction of *Type* | second data block of a static type |
| third data block of [the] first type designated for [the] first specified area of [the] display screen | third data block of the first type designated for the first portions of the display screen | third data block of the dynamic type for display in the first specified area of the display screen |
| updating in a second update interval said first specified area of said display screen with said third data block without updating said second area of said display screen | altering the bit status in a second update interval with said first portion of the display screen with said third data block without altering the bit status of the second portion of the display screen | in the next interval following the first interval sending data signals |

## I.  Intrinsic Evidence

The parties intend to use the intrinsic evidence identified below to support their respective constructions:

| Term to Construe | TainoApp's Supporting Evidence | B&N's Supporting Evidence |
|---|---|---|
| wherein said clock operates at a frequency providing an display update interval | Specification, Column 3, lines 8-10 + Column 3, lines 51-67. | '791 patent at col. 3, lines 31-40; col. 4, lines 39-44; col. 4, lines 48-51; and Fig. 7. Response to July 14, 2004 office Action at 3. Appeal Brief at 6. |
| location-addressable pixels | Specification, Column 2, lines 63-64 + Column 5, lines 32-33 | Plain meaning. |
| said pixels capable of sustained image display without constant refreshing | Specification, Column 2, lines 63-64 + Column 5, lines 32-33 + Column 3, lines 8-10 | '791 patent at col. 1, lines 17-25; col. 2, lines 5-13; col. 3, lines 4-10; and col. 3, lines 51-67. RCE at 7, 11, and 12. Response to April 9, 2004 office action at 4. Response to July 14, 2004 office action at 2. |
| refreshing | Specification, Column 3, lines 8-10 + Column 4, 39-46 | '791 patent at col. 1, lines 17-25; col. 2, lines 5-13; col. 3, lines 4-10; and col. 3, lines 51-67. RCE at 7, 11, and 12. Response to April 9, 2004 office action at 4. Response to July 14, 2004 office action at 2. |

| Term to Construe | TainoApp's Supporting Evidence | B&N's Supporting Evidence |
|---|---|---|
| first area excludes at least a second area of said display screen | Prosecution History, Brief for Appellant/Applicant of Sept. 12, 2005 at p. 9 + Prosecution History, Applicant's April 26, 2004 Supplemental Reply Responsive to the Examiner's Office Action of April 9, 2004, at 3 + Prosecution History, October 27, 2005's Brief for Appellant as to Examiner's June 17, 2005 final rejection, at 9 + Jan. 8, 2005's Reply to Examiner Office Action of December 29, 2004, at 9. | No construction needed. |
| first type designated for a first specified area | Prosecution History, Brief for Appellant/Applicant of Sept. 12, 2005 at p. 9 and 12. | '791 patent at col. 3, lines 31-32; col. 3, lines 38-40; col. 4, lines 39-44; col. 4, lines 49-51; and Fig. 2. Response to July 14, 2004 Office Action at 3. Response to June 17, 2005 Final Office Action at 8. Appeal Brief at 2 and 6. January 27, 2006 Notice of Allowability at 2. |
| type | Specification, Column 3, lines 30-39 and Figure 2 | '791 patent at col. 3, lines 31-32; col. 3, lines 38-40; col. 4, lines 39-44; col. 4, lines 49-51; and Fig. 2. Response to July 14, 2004 Office Action at 3. Response to June 17, 2005 Final Office Action at 8. Appeal Brief at 2 and 6. January 27, 2006 Notice of Allowability at 2. |

| Term to Construe | TainoApp's Supporting Evidence | B&N's Supporting Evidence |
|---|---|---|
| second data block of a second type different from said first data block | Specification, Column 3, lines 30-39 and Figure 2 | '791 patent at col. 3, lines 31-32; col. 3, lines 38-40; col. 4, lines 39-44; col. 4, lines 49-51; and Fig. 2. Response to July 14, 2004 Office Action at 3. Response to June 17, 2005 Final Office Action at 8. Appeal Brief at 2 and 6. January 27, 2006 Notice of Allowability at 2. |
| third data block of [the] first type designated for [the] first specified area of [the] display screen | Specification, Column 3, lines 30-39 and Figure 2 + Prosecution History, Brief for Appellant/Applicant of Sept. 12, 2005 at p. 9 and 12 | '791 patent at col. 3, lines 31-32; col. 3, lines 38-40; col. 4, lines 39-44; col. 4, lines 49-51; and Fig. 2. Response to July 14, 2004 Office Action at 3. Response to June 17, 2005 Final Office Action at 8. Appeal Brief at 2 and 6. January 27, 2006 Notice of Allowability at 2. |
| updating in a second update interval said first specified area of said display screen with said third data block without updating said second area of said display screen | Specification, Column 3, lines 8-10 + Column 3, lines 51-67 + Prosecution History, Brief for Appellant/Applicant of Sept. 12, 2005 at p. 9 and 12. | '791 patent at col. 1, lines 17-25; col. 2, lines 5-13; col. 3, lines 4-10; col. 3, lines 51-67; col 4, lines 6-14; col 4, lines 39-46; col. 4, lines 48-51; col. 5, lines 50-67; and Figs. 5 and 7. RCE at 10 and 12. Response to April 9, 2004 at 2-4. Response to July 14, 2004 Office Action at 2. Response to December 29, 2004 Office Action at 9. Appeal Brief at 8. |

The parties do not intend to rely on any extrinsic evidence to support their proposed constructions.

## II. Anticipated Hearing Length

The parties expect to need a half a day for the Claim Construction Hearing.

## III. Witnesses

The parties do not plan to call any witnesses at the Claim Construction Hearing.

## IV. Other Issues

At this time, the parties have not identified any other issues requiring a prehearing conference.

**RESPECTFULLY SUBMITTED**.

In San Juan, Puerto Rico, this 20th day of November, 2014.

*/s/Rachel M. Capoccia*
Rachel M. Capoccia (admitted *Pro Hac Vice*)
**ALSTON & BIRD LLP**
333 South Hope St., 16th Floor
Los Angeles, CA 90071-3004
Phone: (213) 576-1000
Fax: (213) 576 1100
Email: rachel.capoccia@alston.com

Andrés W. López
USDC No. 215311
**THE LAW OFFICES OF ANDRÉS W. LÓPEZ, P.S.C**
P.O. Box 13909
San Juan, PR 00908
Phone: (787) 294-9508
Fax:    (787) 294-9519
Email: andres@awllaw.com

**ALSTON & BIRD LLP**
90 Park Avenue
New York, NY 10016

Phone: (212) 210-9400
Fax:  (212) 210-9444
William H. Baker (admitted *Pro Hac Vice*)
bill.baker@alston.com
Aoife Butler (admitted *Pro Hac Vice*)
aoife.butler@alston.com
Leah W. Feinman (admitted *Pro Hac Vice*)
leah.feinman@alston.com

*Attorneys for Defendants and Counter-Claim Plaintiffs Barnes & Noble, Inc., barnesandnoble.com, LLC, and NOOK Media LLC*


**FERRAIUOLI LLC**
221 Plaza, 5th Floor
221 Ponce de León Avenue
San Juan, PR 00917
Tel.:  787.766.7000
Fax:  787.766.7001

By: */s/Jean Vidal-Font*
Jean G. Vidal Font
USDC No. 227811
Email: jvidal@ferraiuoli.com

Eugenio J. Torres-Oyola
USDC No. 215505
Email: etorres@ferraiuoli.com

Cristina Arenas Solís
USDC-PR No.223511
carenas@ferraiuoli.com

*Attorneys For Plaintiff Tainoapp, Inc.*